UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH DANTE MURENA, as
Receiver of Zilmil, Inc.,

    Plaintiff,

v.                                                     Case No. 3:19-cv-812-J-32JRK

MANOJ KUMAR and TEJOLAYA
BUILDERS,

    Defendants.

## O R D E R

This case is before the Court on Plaintiff's Verified Motions for Default Final Judgment. (Docs. 18, 19). On July 24, 2020, the Court held a hearing on the motions, along with pending motions in two related cases: <u>CFTC v. Scharf</u>, 3:17-cv-774-J-32MCR and <u>Murena v. Shah</u>, 3:19-cv-856-J-32PDB. The record of the hearing is incorporated herein.

### I. BACKGROUND

In this clawback action, the Receiver for Zilmil, Inc., a business found to have violated the commodities laws through its affiliate marketing scheme, filed suit seeking to recoup payments Zilmil made to Tejolaya Builders and its

sole proprietor Manoj Kumar. (Doc. 1 ¶¶ 1–8). Tejolaya is based in India and Kumar lives in the United Kingdom. (Docs. 18 at 2, 19 at 2).

The Receiver alleges that "[f]rom June 6, 2011 through January 19, 2016, Zilmil, Inc. made 30 transfers of funds in the total amount of $364,718.68 to Mr. Kumar, and in January 2016, Zilmil, Inc. made three transfers of funds in the total amount of $54,000 to Tejolaya." (Doc. 1 ¶ 37). The Receiver alleges four counts seeking to recoup these transfers. Id. ¶¶ 46–78. Counts I–III, assert fraudulent transfers under §§ 726.105(1)(a); 726.105(1)(b); and 726.106(1) of Florida's Uniform Fraudulent Transfer Act ("FUFTA"), id. ¶¶ 47, 56, 65, and Count IV, asserts a claim for unjust enrichment under Florida common law, id. ¶¶ 75–78.

Neither defendant has appeared, and the Clerk entered default against both. (Docs. 15, 16). The Receiver filed documentation supporting proper service abroad in accordance with Federal Rule of Civil Procedure 4(f) and the Hague Convention. (Docs. 11, 12). The Receiver now seeks default judgment against Tejolaya and Kumar. (Docs. 18, 19).

**II. DISCUSSION**

Where, as here, the Clerk has entered default against a defendant, the Plaintiff can request the Court to enter judgment against the defaulting parties. Fed. R. Civ. P. 55(b). The Clerk can enter judgment without an evidentiary hearing on damages when the plaintiff's claim is for a sum certain. Fed. R. Civ.

P. 5(b)(1); see also S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). Additionally, "[t]he district court may forego a hearing [on damages] where all essential evidence is already of record." Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015) (quotation marks omitted).

The Receiver seeks specific alleged sums against Tejolaya and Kumar. (Doc. 1 ¶ 37). Although the list of transfers attached to the Complaint states it is not final, the Court is familiar with the Receiver's forensic accountant's work in reconstructing Zilmil's bank records and tracing bank transfers. See generally CFTC v. Scharf, 3:17-cv-774-J-32MCR. As the Receiver seeks a sum certain from Defendants that is supported by the record in this case and the main case, the Court will grant the motions for default judgment.[1]

Accordingly, it is hereby

**ORDERED:**

1. The Receiver's Verified Motion for Default Final Judgment Against Defendant Manoj Kumar (Doc. 18) is **GRANTED**.

2. The Receiver's Verified Motion for Default Final Judgment Against Defendant Tejolaya Builders (Doc. 19) is **GRANTED**.

---

[1] While it appears that some of the damages claimed might be barred by the statute of limitations, the majority view is that "because the statute of limitations is an affirmative defense (and a waivable one at that), the Court cannot properly raise the issue on its own motion." UC Acquisition Corp. v. Salem Nursing & Rehab Ctr. of Tuskegee, Inc., No. 3:11-CV-443-MEF, 2012 WL 95422, at *1 (M.D. Ala. Jan. 12, 2012) (compiling cases).

3. The Clerk shall enter judgment in favor of the Receiver and against Defendant Manoj Kumar in the amount of $364,718.68 and against Defendant Tejolaya Builders in the amount of $54,000. Post-judgment interest shall accrue at the statutory rate determined in 28 U.S.C. § 1961.

4. The Clerk shall tax costs against Defendants jointly and severally in the amount of $455.

5. After entering judgment and taxing costs, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of July, 2020.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jjb
Copies to:

Counsel of record